IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>LIBERTY STATE BENEFITS OF DELAWARE INC., et al., | Bankr. Case 11-12404-KG |
| RICHARD W. BARRY, AS CHAPTER 11 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 14-50020-KG<br>Civ. No. 14-677-LPS |
| SANTANDER BANK, N.A., | |
| Defendant. | |

## MEMORANDUM ORDER

At Wilmington this 12th day of March, 2015, having reviewed the Motion of Santander Bank, N.A. for Withdrawal of the Reference ("Motion for Withdrawal") (D.I. 1), and the papers submitted in connection therewith (D.I. 2; D.I. 2-1), for the reasons stated below:

**IT IS HEREBY ORDERED** that Santander's Motion for Withdrawal (D.I. 1) is **DENIED**.

Background. On July 29, 2011, the Debtors filed a voluntary petition for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware. (Bankr. Case No. 11-12404, D.I. 1) On September 1, 2011, the Bankruptcy Court entered an order appointing Richard W. Barry as Chapter 11 Trustee (the "Trustee"). (*Id.*, D.I. 88) On January 10, 2014, the Trustee filed a complaint (the "Complaint") initiating the present adversary proceeding against Santander Bank, N.A. ("Santander"). (Adv. Pro. No. 14-50020, D.I. 1) The Complaint alleges that Santander facilitated the fraudulent schemes of third-party conspirators,

which led to the theft and misappropriation of Debtors' funds, and eventually caused Debtors' bankruptcy. (D.I. 1 at 1) The Complaint asserts violations of the New Jersey Racketeering Influenced and Corrupt Organization Act, the federal Racketeering Influenced and Corrupt Organization Act, the New Jersey Consumer Fraud Act, and various common law claims for negligence, aiding and abetting breach of fiduciary duty, and unjust enrichment. (Adv. Pro. No. 14-50020, D.I. 1 at ¶¶ 170–259) On March 19, 2014, Santander simultaneously filed in the Bankruptcy Court a Motion for Withdrawal, a Motion to Change Venue, a Motion for a Determination of Whether Proceedings are Core or Non-Core, and a Motion to Dismiss. (*Id.*, D.I. 20, 21, 23, 24) The Motion to Change Venue and Motion to Dismiss remain pending in the Bankruptcy Court and the parties have extensively briefed both issues. (*See id.*, D.I. 37, 38, 42, 58, 59)

On May 28, 2014, the Motion for Withdrawal was docketed in this Court. (D.I. 1) On June 2, 2014, the Bankruptcy Court issued an Order Determining Core and Non-Core Claims, finding that the Trustee's Complaint asserted four non-core claims and one core claim. (D.I. 4) Santander argues that this Court must withdraw the reference under 28 U.S.C. § 157(d) because the adversary proceeding requires substantial and material consideration of federal non-bankruptcy law. (D.I. 1 at 3) Alternatively, it argues that if the Court does not find mandatory withdrawal is required, then the Court should permissively withdraw the case for "cause shown." (*Id.* at 5) The Trustee responds that Santander has failed to meet its burden to demonstrate that grounds for mandatory or permissive withdrawal exist in this case. (D.I. 2 at 8)

Standard of Review. District courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to the authority granted by 28 U.S.C. § 157(a), this Court refers cases arising

2

under title 11 to the United States Bankruptcy Court for the District of Delaware. *See* Am. Standing Order of Reference, Feb. 29, 2012 (C.J. Sleet). Section 157(d) provides for situations when a district court may withdraw the reference and when it must withdraw the reference:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). "The 'cause shown' requirement in section 157(d) creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.'" *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) (quoting *In re DeLorean Motor Co.*, 49 B.R. 900, 912 (Bankr. E.D. Mich. 1985)). As the moving party, Santander has the burden to prove that cause exists to withdraw the reference. *See In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996).

Analysis. Santander first moves for mandatory withdrawal as provided by the second sentence in § 157(d). "In the District of Delaware, withdrawal is deemed mandatory when (1) consideration of law outside of Title 11 (the 'Bankruptcy Code') is necessary for the resolution of the case or proceeding; and (2) the consideration of federal law outside the Bankruptcy Code necessary to resolve the proceeding is substantial and material." *In re Cont'l Airlines*, 138 B.R. 442, 444–45 (D. Del. 1992). This Court first adopted the "substantial and material" standard from the decision in *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984). *See Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 38 (D. Del. 1989). In defining the contours of that standard, *Orange & Rockland Utilities* explained that not every adversary complaint that alleges a violation of federal non-bankruptcy law necessarily requires

3

substantial and material consideration of that law. *See id.* at 37–38 (mandatory withdrawal is not necessary "simply whenever non-bankruptcy issues [a]re considered"). This Court subsequently "clarified the meaning of 'substantial and material' by 'distinguish[ing] between meaningful consideration' of federal law outside of the Bankruptcy Code and its 'simple application'; when only a 'simple application of well-settled law is required, withdrawal is not mandatory.'" *In re CM Holdings, Inc.*, 221 B.R. 715, 721 (D. Del. 1998) (quoting 1 Collier's on Bankruptcy ¶ 3.04 [2] at 3–65). *In re CM Holdings* reasoned that "[t]his distinction furthers the policy of narrowing the scope of 28 U.S.C. § 157(d) in order to prevent the establishment of an 'escape hatch' through which most bankruptcy matters could routinely be removed to the district court." *Id.* In that case, withdrawal was mandatory because the plaintiff's asserted federal tax claim raised an issue of first impression within the Circuit and thus required "substantial and material consideration" of the applicable Internal Revenue Code provision. *Id.*

Here, the Trustee's asserted state and federal causes of action do not arise under title 11, thus, only the "substantial and material" factor is at issue. Santander argues that this element is satisfied because the Complaint alleges a claim under the federal Racketeering Influenced and Corrupt Organization Act ("RICO"). (D.I. 1 at 3; Adv. Pro. No. 14-50020, D.I. 1 at ¶¶ 220) In response, the Trustee maintains that Santander has failed to make the requisite showing that the RICO allegations either involve an issue of first impression or a conflict with existing bankruptcy law. (D.I. 2 at 9) Santander's brief cites several cases where courts found that mandatory withdrawal was necessary when a plaintiff's adversary proceeding raised a federal RICO claim. (D.I. 1 at 4) Santander principally relies on *In re Schlein*, a decision from the United States District Court for the Eastern District of Pennsylvania that found that a complaint alleging RICO violations warranted mandatory withdrawal. *In re Schlein*, 188 B.R. 13, 14 (E.D.

Pa. 1995). However the complaint in that case "alleg[ed] that the Individual Defendants utilized the United States mails and interstate wires in violation of 18 U.S.C. §§ 1341 and 1343 on at least 100 occasions over the course of seven and a half years." *Id.* at 14. The breadth of those allegations compelled that court to find that the necessary consideration of RICO would be substantial and material. *See id.* Conversely, here, as Santander appears to recognize, the alleged violations of federal non-bankruptcy law are a minor portion of the Trustee's overall Complaint. (D.I. 1 at 4 n.2) ("[T]he Trustee's Complaint includes only claims under New Jersey state law, but for its federal RICO conspiracy claim . . . .")

However, even if the RICO claim was the primary allegation in the Complaint, Santander has not met its burden to prove that this allegation would require substantial and material consideration of non-bankruptcy law. Santander's argument on this point is largely conclusory. (*See* D.I. 1 at 4) It essentially argues that because other courts have found that an adversary complaint alleging a RICO violation required substantial and material consideration of that law, a court will always have to substantially and materially consider RICO when a plaintiff alleges a violation of that law. (*Id.*) Accepting this argument at face value would mean that a complaint that simply alleges a RICO violation always establishes grounds for mandatory withdrawal. This position would upend the policy of preventing mandatory withdrawal from opening an "escape hatch through which most bankruptcy matters could routinely be removed to the district court." *In re CM Holdings, Inc.*, 221 B.R. at 721. Simply because a complaint alleges a violation of federal law does not necessarily require a court to exercise substantial and material consideration of that law. *See, e.g., In re Columbia Gas Sys., Inc.*, 134 B.R. 808, 811 (D. Del. 1991). Considering that the Motion for Withdrawal is devoid of any analysis regarding how the facts of the Trustee's RICO claim will require more than a straightforward application of that law, the

5

Court is unpersuaded that Santander's conclusory argument establishes grounds for mandatory withdrawal.[1] *See In re Laventhol & Horwath*, 139 B.R. 109, 115 (S.D.N.Y. 1992) ("We agree with those courts that have found that the presence of RICO claims does not necessarily dictate withdrawal of the reference.") (citing cases).

Santander alternatively moves for permissive withdrawal under the first sentence of § 157(d). Permissive withdrawal allows a district court to withdraw a proceeding for "cause shown." 28 U.S.C. § 157(d). This phrase is not defined in the statute, but the Third Circuit has provided guidance on the relevant factors. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). "The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Id.* (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

Santander argues that it does not promote judicial uniformity to allow a Bankruptcy Court to handle issues outside of bankruptcy law. (D.I. 1 at 5) To support this argument, Santander highlights the fact that the Bankruptcy Court may not issue a final judgment on four out of five of the Complaint's causes of action, because they are non-core matters. (*Id.*; *see also* D.I. 4 at 1–2) However, "[p]roceedings should not be withdrawn for the sole reason that they are non-core." *Cent. Hudson Gas & Elec. Corp.*, 106 B.R. at 371. "In non-core proceedings the bankruptcy court is given the power to submit proposed findings of fact and conclusions of law to the district court." *Id.* "The 'cause shown' requirement in section 157(d) creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy

---

[1] Arguably, Santander's position in its Motion to Dismiss implies that the analysis of the RICO claim will not be extensive. In that motion, Santander contends that the Trustee has failed to plead facts sufficient to satisfy the *prima facie* elements of a RICO conspiracy. (D.I. 1-5 at 33)

6

court unless rebutted by a contravening policy.'" *Id.* (quoting *In re DeLorean Motor Co.*, 49 B.R. at 912).

Though Santander is correct that the Bankruptcy Court can only issue proposed findings of fact and conclusions of law on those non-core matters, the Court does not find that this undermines judicial uniformity. Santander's Motion to Dismiss and Motion to Transfer Venue are both pending and briefed in the Bankruptcy Court. (Adv. Pro. No. 14-50020, D.I. 20, 24) This Court has previously explained that a bankruptcy court is capable of serving in a role similar to that of a magistrate for pre-trial issues in non-core proceedings. *See Matter of Delaware & Hudson Ry. Co.*, 122 B.R. 887, 897 (D. Del. 1991).

Further, the Bankruptcy Court is clearly more informed about the underlying facts and issues in this case. As the Trustee explains, "the Bankruptcy Court has presided over at least thirteen (13) adversary proceedings . . . involving the same events, non-party witnesses and claims as those at issue in this lawsuit." (D.I. 2 at 6) Santander does not take issue with the Trustee's assertion of the Bankruptcy Court's knowledge of the underlying matters, but instead argues that this case presents "unique" issues of law not raised in the other adversary proceedings. (D.I. 2-1 at 5) Despite this argument, it remains undisputed that the Bankruptcy Court has more knowledge of the relevant facts of the case than this Court. *See In re Circle of Yoakum, Tex.*, 2006 WL 2347710, at *2 (D. Del. June 23, 2006) (finding that judicial economy favored Bankruptcy Court resolving pre-trial proceedings because of its familiarity with facts of case); *see also In re EXDS, Inc.*, 2006 WL 2346419, at *2 (D. Del. July 20, 2006) (noting that "the Bankruptcy Court has the necessary resources to preside over the initial stages of these proceedings in an efficient and effective manner").

Withdrawing this proceeding at this stage would only further delay the bankruptcy process and result in an inefficient use of the parties' resources. *See Matter of Delaware & Hudson Ry. Co.*, 122 B.R. at 897 (D. Del. 1991) (concluding that it would be a waste of judicial resources to withdraw pre-trial matters from Bankruptcy Court, which was more familiar with facts of case).

Santander also argues that granting its motion will reduce forum shopping, because in its view, the Trustee engaged in forum shopping by filing this proceeding in the Delaware Bankruptcy Court. (D.I. 1 at 7–8) The Court is not convinced that the Trustee's decision to file the adversary proceeding in Delaware amounted to forum shopping. The Trustee filed this proceeding in the Bankruptcy Court that is overseeing the Debtor's bankruptcy estate — a logical forum for this action. Without more, the Court cannot agree with Santander that the Trustee's actions constitute forum shopping. *See Moore Corp. v. Wallace Computer Servs., Inc.*, 898 F. Supp. 1089, 1100 (D. Del. 1995) (declining to find forum shopping because plaintiff filed the action in a logical and proper place).

Taken as a whole, the Court finds that Santander has not met its burden to demonstrate that cause exists under 28 U.S.C. § 157(d) to withdraw this case.

<u>Conclusion</u>. Accordingly, and for the foregoing reasons, the Court will deny Santander's Motion for Withdrawal of the Reference (D.I. 1).

March 12 2015
Wilmington, Delaware

UNITED STATES DISTRICT COURT

8